UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

K.L., individually and as parent and next friend of M.L., a child with a disability,

         *Plaintiffs*,

-against-

WARWICK VALLEY CENTRAL SCHOOL DISTRICT,

         *Defendant.*

COMPLAINT

Case No.



JUDGE RAMOS

K.L., individually and as parent and next friend of M.L., a child with a disability, by and through his attorneys, CUDDY LAW FIRM, P.C., for his complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. Plaintiff K.L. resides in the County of Orange, State of New York.

3. Plaintiff M.L. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

4. K.L. is the parent of M.L. as defined by IDEA, 20 U.S.C. § 1401(23).

5. Defendant WARWICK VALLEY CENTRAL SCHOOL DISTRICT is a local educational agency as defined by IDEA, 20 U.S.C. § 1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts

of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND

8. M.L. was born in 2000 and suffers from, *inter alia,* an autism spectrum disorder.

9. M.L. was classified as a child with autism by defendant's committee on special education (CSE).

10. By letter to the defendant dated June 15, 2012, plaintiff demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

11. Plaintiff's letter demanded, *inter alia,* a finding that defendant did not provide M.L. with a free appropriate public education (FAPE) as required by 20 U.S.C. § 1400(d)(1)(A) and defined by 20 U.S.C. § 1401(8), and sought various relief.

12. The defendant appointed Kenneth Peters as impartial hearing officer (IHO).

13. On July 20, 2012, IHO Peters executed an "Agreement and Order," which ordered various relief.

## FIRST CAUSE OF ACTION

14. Plaintiffs repeat and reallege paragraphs 1 through 13 as if more fully set forth herein.

15. Plaintiff parent initiated an impartial hearing on behalf of M.L.

16. The plaintiffs prevailed at the impartial hearing by obtaining an "Agreement and Order" directing various relief demanded by plaintiffs.

17. Plaintiffs having prevailed in the underlying proceedings hereby demand reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

2

WHEREFORE, plaintiffs respectfully request that this Court:

(1)     Assume jurisdiction over this action;

(2)     Award to the plaintiffs costs, expenses and attorneys' fees for the administrative proceedings pursuant to 20 U.S.C. § 1415;

(3)     Award to the plaintiffs the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415; and

(4)     Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
       August 10, 2012

Yours etc.,

*/s/ Jason H. Sterne*

s/ Jason H. Sterne

CUDDY LAW FIRM, P.C.
Jason H. Sterne, Esq., of counsel
Bar Code: JS5757
*Attorney for Plaintiff*
145 E. Genesee Street
Auburn, New York 13021
jhsterne@me.com

3