UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

K.L., individually and on behalf of M.L., a child
with a disability,

                              *Plaintiffs,*            DECLARATION

          -against-
                                                       Case No. 12 Civ. 6313

WARWICK VALLEY CENTRAL SCHOOL DISTRICT,

                    *Defendant.*

ANDREW K. CUDDY, declares and states as follows:

1. I am an attorney duly admitted to the Bar of this Court, and I am counsel for plaintiffs. I make this declaration from personal knowledge, the attached exhibits, and the administrative record, and I submit this declaration in support of plaintiff's motion for attorneys' fees.

## RELIEF REQUESTED

2. Plaintiff seeks attorneys' fees, costs and disbursements for the underlying administrative action as well as for the proceedings in this Court. See 20 U.S.C. § 1415(i)(3).

## EXHIBITS

3. I am principal attorney for the Cuddy Law Firm, P.C.

4. Attached hereto as Exhibit A is a retainer agreement executed by K.L and his spouse hiring the predecessor firm to Cuddy Law Firm, P.C., to handle a special education matter on behalf of M.L.

5. Attached hereto as Exhibit B is a demand for a due process hearing pursuant to the Individuals with Disabilities Education Act (IDEA), dated June 15, 2012, on behalf of the student, M.L.

6.  Attached hereto as Exhibit C is an agreement and order executed by the parties and by the impartial hearing officer (IHO), which concluded the underlying administrative matter on July 20, 2012.

7.  Attached hereto as Exhibit D is a true itemization of attorney and paralegal time expended in the underlying administrative matter, and related disbursements.

8.  Attached hereto as Exhibit E is a true itemization of attorney and paralegal time expended in this federal matter, including the $350 filing fee in this Court.

9.  Attached hereto as Exhibits F, G and H are, respectively, the affidavit of Gary S. Mayerson (with attached exhibit), the affirmation of Jesse Cole Cutler, and the declaration of Adrienne Arkontaky, in support of the hourly rates sought.

OVERVIEW

10.  This is an action brought by plaintiff for attorneys' fees and related costs following an administrative order issued by an impartial hearing officer (IHO) on July 20, 2012.

FACTS

11.  Plaintiff K.L. is the parent of M.L., a minor.

12.  M.L. is classified as a student with autism by defendant Warwick Valley Central School District pursuant to the provisions of the Individuals with Disabilities Education Act (IDEA).

13.  M.L. has been diagnosed with Asperger's Disorder, a disorder on the autism spectrum, as well as Attention Deficit Hyperactivity Disorder (ADHD), Oppositional Defiant Disorder (ODD), a Mood Disorder, and a possible Personality Disorder.

14.  As of the date of the impartial due process hearing request, which initiated the underlying administrative matter, M.L. was in the sixth grade.

2

15.  Plaintiff's spouse first contacted our office in the fall of 2011.  At that time, she did not engage the services of the firm.

16.  On January 19, 2012, plaintiff contacted our office via email through our internet site contact, in which the plaintiff communicated the family's desire to have the child M.L. moved into a more suitable placement. The parents indicated that they had worked unsuccessfully with Legal Services and were seeking our assistance as a result of a referral from a former client of our firm.

17.  The intake paralegal from our office first communicated with the plaintiff and/or plaintiff's spouse on January 20, 2012 and began the intake process.

18.  By April 25, 2012, plaintiff and/or plaintiff's spouse had not continued with the intake process, and the family was informed that the file would be closed.

19.  On April 25, 2012, the parents responded to this notice by requesting a consultation directly with me, and indicating that they had been working with Legal Services but had received what they perceived to be "poor representation and contradictory advice."

20.  On May 18, 2012 the parents completed the intake process and engaged the firm for consultation.

21.  On May 23, 2012 a consultation meeting with the parents was conducted telephonically.

22.  On May 24, 2012 the parents were provided a retainer agreement to review in the event they engaged the firm for hearing.

23.  On May 31, 2012, the parents retained the firm to initiate a due process hearing on behalf of their child, M.L. (Ex. A).  The retainer agreement included an adjusted payment schedule and reliance on the fee-shifting provision of the IDEA as the family was in dire financial straights due to K.L. having an extended period of unemployment.

24.  By letter dated June 15, 2012, hearing was initiated against the Warwick Valley Central School District. (Ex. B).

3

25.  The hearing request alleged a denial of a free appropriate public education on various proce-dural and substantive grounds.

26.  Specifically, the request alleged a failure to provide the parents with timely notice of the defendant's committee on special education's (CSE) recommendation prior to the start of the ex-tended school year (which began in early July 2012), as defendant had informed the parents that a final notice of recommendation (FNR) would not issue until late August or early September.

27.  The request also alleged a failure to comprehensively evaluate the student, particularly with respect to possible central auditory processing problems and the need for a functional behavioral assessment.

28.  The request also alleged a failure to continue extended school year (ESY) services for the summer of 2012.

29.  The request also alleged a failure to recommend an appropriate placement, and failure to provide appropriate goals in the student's individualized education program (IEP).

30.  As relief, the parent proposed placement (or prospective payment for) M.L.'s attendance at the Bishop Dunn Memorial School for the summer of 2012.

31.  Bishop Dunn Memorial School is a small private school located on the campus of Mount Saint Mary's College in Newburgh, New York. The school has students in grades pre-kindergarten through eighth grade.

32.  According to the school's promotional materials, the special education program provides a positive learning environment to meet the students' individual needs.  The special education program at Bishop Dunn is a program for children with learning needs. The students in the program have been identified by their districts as needing special education services and each student has an IEP. Direct teaching instruction, resource room and related services are provided by the Newburgh School District at Bishop Dunn per IEP goals and objectives.

33. In addition, again according to the school's promotional materials, the program at Bishop Dunn provides small group instruction in the core academic subjects of English, language arts and mathematics. The students are provided individual attention in the areas of need as well as instruction in grade level material that corresponds with the state mandates. Focus is on reading and writing across the curriculum. The students are provided support and encouragement to improve their skills and gain the independence and confidence that will be needed in the future. The students are included with their grade group peers for the content area classes of social studies, science and religion. Modifications and accommodations are implemented as dictated by each child's IEP.

34. On June 19, 2012, the school district's attorney acknowledged the obligation of the defendant to provide extended school year services to the student during the summer of 2012, as pendency or "stay-put services."

35. Shortly after submitting the hearing request, the parents were informed by Bishop Dunn's administration that the school had begun to phase out services for students with special needs, and, as a result, would not be admitting any new students into the special education program in fall 2012.

36. As such, the parents shifted their focus from Bishop Dunn to the Sacred Heart Parish School in Monroe, New York.

37. On June 19, 2012, I communicated to the attorneys for the school district a proposal for settlement that included placement at Sacred Heart for the 2012/13 regular school year:

> The parent receive the resolution session notice today, and it is scheduled for Tuesday.
> We are primarily concerned about pendency, and would like that resolved.
> For settlement, I think the structure is simple;
> 1) ESY at Bishop Dunn
> 2) Regular school year at Sacred Heart, tuition is $3Kish
> 3) Transport, this was an issue if Bishop Dunn was the regular school year site, not an issue with Sacred Heart as it is within the transport radius.
> 4) IESP by Monroe-Woodbury

5

5) Fees and costs, rather minor at this point and under $5K, and I think this could be wrapped up tomorrow.
Would you like me to draft something and make a proposal.
Yes, [Michael J. Cuddy, Jr., Esq.] will likely be handling this. I was just following up based on a client call tonight, and having time on my hands stuck in a hotel.
AC

38.  The "IESP" referenced in the offer is an "individualized education services program," which is developed in the same manner as an IEP, but applies to students attending non-public schools who are receiving special education and/or related services from the school district in which the non-public school is located. The IESP would provide for needed services unavailable to M.L. at Sacred Heart.

39.  On June 18, 2012, the parents received notice that the regulatorily mandated resolution session was scheduled for June 26, 2012.

40.  On June 21, 2012, my office forwarded a written settlement proposal to the attorney for the school district, which included a provision for the student to attend the Sacred Heart Parish School, as it had been determined that the program at Bishop Dunn originally identified by the parent and proposed in the hearing request was no longer available.

41.  Settlement negotiations continued until July 18, 2012, at which time a settlement was reached, submitted to the hearing officer to "so order," and the administrative proceeding was concluded with said order on July 20, 2012.

42.  A copy of the Agreement and Order is attached as Exhibit C. The full text of the Agreement and Order (redacted to protect the identity of the student) follows:

AGREEMENT AND ORDER

The Warwick Valley Central School District ("District") and [K. and B.L.] ("Parents") on behalf of their son [M.L.] ("Student"), enter into this Agreement in response to requests made by the Parents to resolve their Complaint filed with the District on June 14, 2012. A copy of the Complaint is attached.

The Parents are represented by Andrew K. Cuddy, of the Law Office of Andrew K. Cuddy, 145 East Genesee Street, Auburn, New York, 13021. The District is represented

by Karen S. Norlander, of Girvin & Ferlazzo, P.C., 20 Corporate Woods Boulevard, Albany, New York 12211. Each party has had the opportunity to consult with legal counsel prior to executing this agreement.

WHEREAS, the District has arranged to provide for round trip transportation and extended school year services at Bishop Dunn Memorial School, ("Bishop Dunn") 50 Gidney Avenue, Newburgh, New York, 12550, from June 25, 2012 through August 3, 2012, in accordance with its obligations under the pendency provision of the law as set forth in 8 N.Y.C.R.R. 200.5 (m), and shall continue to do so notwithstanding the resolution of the due process complaint with this agreement and order.

WHEREAS, the District will transport the Student between his home and Sacred Heart Parish School ("Sacred Heart") during the 2012–2013 school year in accordance with its obligations under Education Law §3635, despite the fact that the Parents did not make their request by April 1, as otherwise required by law, insofar as the District has determined to waive the April 1 deadline based on the fact that it is transporting other resident students there and will not incur any additional expense to transport this Student.

WHEREAS, in accordance with law, the District shall forward to the District of Location of Sacred Heart, ("Monroe-Woodbury School District") a copy of the Student's 2012–2013 IEP and any other records or evaluations requested. This agreement and order is to be considered the Parents' consent for the Student's educational records to be released by the District to the Monroe-Woodbury School District.

WHEREAS, the District represents that, upon its receipt of documentation from the Monroe-Woodbury School District of its provision of special education services to this Student provided in accordance with an Individualized Education Service Plan ("IESP"), the District shall reimburse the Monroe-Woodbury School District in accordance with its prior practice and commitment to do so.

WHEREAS, the parties further acknowledge that in seeking to resolve their Complaint and working in good faith to do so, the Parents requested that the Board reimburse them $6500 in attorneys' fees which the Board of Education declined to authorize.

WHEREAS, the District, having convened a Resolution Meeting, in accordance with law, and having met with the Parent on July 12, 2012, agreed to resolve the Parents' Complaint referred to above:

WHEREFORE, the parties aqree as follows:

1) The District shall undertake each of the actions specified under the "WHEREAS" clauses set forth above.

2) Nothing in this resolution shall preclude the Parents from seeking an Order from a court of competent jurisdiction for any attorneys' fees for which they may be entitled as a matter of law.

3) For purposes of attorneys' fees, the District will not object to the Parents' request that this agreement be ordered by the hearing officer to obviate the need for further proceedings to settle the Parents' Complaint.

4) Upon the representations and commitments made by the District above to provide transportation, and to forward to the Monroe-Woodbury School District the Student's

IEP and any other documents the Parents'[sic] request, upon receipt of their written consent, and to otherwise cooperate with the Monroe-Woodbury School District to pay for special education services arranged pursuant to an IESP, the Parents acknowledge that the bearing request is resolved by this agreement and order, with prejudice.

5) The Parents acknowledge that with the District's continued implementation of the terms set forth herein, this agreement resolves all outstanding issues raised in the Parents' Complaint attached hereto, except for the issue of attorney fees and costs.

6) The District representative named below is authorized by the Board of Education to enter into this agreement on its behalf.

7) Fax and electronic signatures will be treated as originals.

This agreement is fully enforceable in a state or federal court of competent jurisdiction in accordance with law. (See 8 NYCRR 200.5(j)(2)(iv)).

43. In the interests of settlement, the parents elected to pay the tuition at Sacred Heart themselves, as the amount was nominal compared to the value of the transportation.

## EXPERIENCE AND QUALIFICATIONS

44. Reported judicial decisions: *Bd. of Ed. v. Muñoz,* 16 A.D.3d 1142 (4th Dept. 2005); *M.R. v. South Orangetown Cent. School Dist.,* 2011 WL 6307563 (S.D.N.Y. 2011); *D.D-S. v. Southold Union Free School Dist.,* 2011 WL 3919040 (E.D.N.Y. 2011); *M.F. v. Irvington Union Free School Dist.,* 719 F.Supp.2d 302 (S.D.N.Y. 2010). State Review Officer decisions: 01-063; 01-081; 02-021; 02-030; 02-036; 02-043; 02-047; 02-058; 02-070; 02-072; 02-109; 02-110; 02-112; 03-008; 03-011; 03-049; 03-050; 03-065; 03-072; 03-081; 03-086; 04-001; 04-007; 04-041; 04-042; 04-076; 04-083; 05-001; 05-007; 05-017; 05-030; 05-053; 05-093; 06-010; 06-023; 06-036; 06-044; 06-074; 06-092; 06-098; 06-109; 07-002; 07-028; 07-139; 08-026; 08-074; 09-002; 09-022; 09-037; 09-072; 09-107; 09-113; 09-145; 10-033; 10-049; 10-072; 11-096; 11-161; 12-016.

45. My area of concentration is special education law.

46. My law school was State University of New York at Buffalo, class of 1996.

47. I am a member of the New York State Bar Association.

48.  I was admitted to practice in New York in 1996; I am also admitted to U.S. District Court in all four districts in New York and in the Northern District of Ohio.

49.  Geographically, my practice extends to each extreme of New York State. The following is a list of school districts where I have represented parents in special education matters.  This list is not exhaustive. Please note that decisions of Impartial Hearing Officers are not reported.

| | | |
|---|---|---|
| Allegany-Limestone CSD | Attica CSD | Auburn Enlarged CSD |
| Balston Spa CSD | Barker CSD | Buffalo City SD |
| Central Islip UFSD | Cheektowaga CSD | Clarkstown UFSD |
| Crown Point CSD | Depew UFSD | Dunkirk City SD |
| East Greenbush CSD | East Ramapo CSD | E. Syracuse-Minoa |
| Ellicottville CSD | Fayetteville-Manlius CSD | Fredonia CSD |
| Frontier CSD | Glens Falls City SD | Glens Falls Common SD |
| Goshen CSD | Gowanda CSD | Granville CSD |
| Greece CSD | Haverstraw-Stony Point CSD | Homer CSD |
| Jamestown City SD | Jamesville-Dewitt CSD | Kenmore-Tonawanda UFSD |
| Lackawanna City SD | Lake Placid CSD | Lancaster CSD |
| Liverpool CSD | Lockport City SD | Mahopac CSD |
| Maine-Endwell CSD | McGraw CSD | Mexico Academy and CSD |
| Moriah CSD | Morris CSD | Newark CSD |
| Newfane CSD | Niagara Falls City SD | Niagara-Wheatfield CSD |
| Niskayuna CSD | North Collins | North Tonawanda City SD |
| Northport CSD | New York City Department of Education | Olean City SD |
| Oneida City SD | Orchard Park CSD | Oyster Pond UFSD |
| Panama CSD | Parma (Ohio) | Pelham UFSD |
| Rome City SD | Schenectady City SD | Vernon-Verona-Sherrill CSD |
| Silver Creek CSD | Shenendehowa CSD | Southold UFSD |
| South Orangetown CSD | Springville-Griffith Institute CSD | Starpoint CSD |
| Sweet Home CSD | Syracuse City SD | Syosset UFSD |
| Tonawanda City SD | Union Spring CSD | West Seneca CSD |
| Whiteboro CSD | Wilson CSD | Yorkshire-Pioneer |

50.  I am regularly recognized as having expertise in the special education legal field and invited to speak on the topic to professional organizations. I have been engaged in professional speaking regarding special education for the following; Association of Retarded Citizens of Rome, Parent-to-Parent with four speaking engagement across the State, the Bronx Lebanon Hospital Center Child Abuse and Neglect Prevention Center, as a CLE speaker for the New York State Bar Association, Counsel of Parent Advocates and Attorneys, Parent-to-Parent, East End Advocacy, and

the Association of Retarded Citizens.  I was also keynote speaker at the Wyatt House of Seattle Brighter Tomorrows 2008 Conference.

51.  I authored the book, *The Special Education Battlefield: A Parent's Guide to the Impartial Due Process Hearing,* Ithaca Press, Inc., 2007.

52.  I am requesting an hourly rate of $475.  I have settled and/or been paid directly by clients numerous cases at this rate over the past year.

53.  I am also requesting an hourly rate of $225 for the paralegal time.  Our firm has been retained by various clients over the past year with the paralegals being billed at this rate.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on 1st day of March, 2013.

s/ Andrew K. Cuddy

———————————————————

Andrew K. Cuddy, Esq.
145 E. Genesee Street
Auburn, New York 13021
(716) 868-9103
acuddy@cuddylawfirm.com