# RETAINER AGREEMENT

LAW OFFICE OF ANDREW K. CUDDY
145 EAST GENESEE STREET
AUBURN, NEW YORK 13021

FAX: (718) 569 6466

K▓▓▓. L▓▓▓▓ and B▓▓▓ L▓▓▓ ("the Clients"), residing at ▓▓▓▓▓▓ Chester, New York 10918, upon execution of this retainer agreement, agree to the following terms and conditions for the provision of professional services by the Law Office of Andrew K. Cuddy ("the Firm"), 145 East Genesee Street, Auburn, New York 13021, in connection with the special education due process hearing regarding the educational program of their son M▓▓▓▓ ("the Student").

1. **Services to be Provided by the Firm.** This retainer agreement is intended to establish a lawyer-client relationship for the impartial hearing request regarding the Student's current educational program. The Clients engage the Firm to provide legal services reasonably required to obtain an appropriate educational program for the Student.

2. **Additional Legal Services.** The Firm makes no representation that it will agree to represent the Clients in an appeal or defense of an appeal of this matter, e.g., to the State Review Officer or to the state or federal courts. If the parties mutually agree that such additional representation shall be provided by the Firm, an additional, separate retainer agreement will be necessary, the terms of which will then be determined by the parties. Such terms may include additional payments to be made for such additional representation, including payment due at the time of the filing of the Clients' Notice of Intention to Seek Review or within ten days of receipt of the school district's Notice with Petition. The Firm is under no obligation to engage in representation in other matters that may arise during the course of the administrative proceeding, e.g., family court, criminal court and/or civil court proceedings; should such matters arise, the Client may need to seek other counsel.

3. **Representation by the Firm as an Entity.** No particular member or members of the Firm are being retained. Rather, the Firm as an entity is undertaking the legal representation of the Clients. The Firm may engage co-counsel including, but not limited to, Andrew K. Cuddy, Jason H. Sterne, Philip Abramowitz, Nina C. Aasen and Michael J. Cuddy, Jr. The Clients consent to the disclosure to these Attorneys and their employees of what would otherwise be confidential information concerning the Student and the matter for which the Firm has been retained. The Clients understand that fees earned in this matter are split with these attorneys pursuant to fee-sharing arrangements between and among the attorneys.

4. **Client Rights and Responsibilities.** The Clients represents that they have made a full, fair, and complete disclosure to the Firm of all the facts that appear to support the action described. The Clients agree to supply the Firm with all documentation and other material and information in their care, custody, or control, and in the possession of anyone else to whom the Clients may have access, whether the information or material relates directly or indirectly to the subject matter of this action. Additionally, the Clients will provide to the Firm any and all such information that may be later discovered.

5. **Authorization to Protect Clients' Interests.** The Client authorizes the Firm to take steps, which are deemed necessary by the Firm to protect the Client's interest in this matter. The Client understands that he controls any ultimate decision with respect to the acceptance or rejection of any settlement proposal.

6. **Settlement by the Clients.** The Clients agree that this matter will not be settled with the District without the express provision in the agreement that the District will pay the Clients' attorney fees, costs and expenses. Should the Clients settle the matter without the attorney fees being included in the settlement agreement, the Clients understands that the Clients become immediately liable for payment of the attorney fees, costs, and expenses incurred to date.

1

7. Ethical, Strategic and Tactical Considerations. The Clients understand that the Firm controls decisions relating to ethical, strategic, or tactical considerations, and they agree to abide by the advice and decisions of the Firm with respect to such matters. Notwithstanding anything to the contrary above, the Firm may raise issues concerning a time period not otherwise covered by this agreement.

8. Client Cooperation. The Clients agree to cooperate fully with any attorney, paralegal, clerk, or other member of the staff of the Firm in the administration of this case. In the event that the Client fails or refuses to follow such advice or instructions of the Firm, such failure or refusal shall be good cause for the Firm to withdraw from representation of the Client, and the Client hereby consents that the Firm may so withdraw under such circumstances.

9. Costs and Expenses: Experts' fees. The Clients agree that they shall be responsible for payment of experts' fees. Such experts may include, but are not limited to, medical professionals, educational specialists, and mental health professionals. The Clients will be advised of these expenses and no expert will be retained until consent is given by the Clients.

10. Costs and Expenses: Miscellaneous. The Clients are responsible for payment of costs and expenses at the following rates: copies, $.50/page; faxes, $2.00/page; mileage, $ .50/mile; overnight fee, $ 250.00 night (includes lodging, meals, other costs associated with the necessary overnight). The Clients will pay for all other costs at the actual rate incurred (e.g. cost for service of process). Unless otherwise waived or limited above by the Firm, the Clients agree to pay all costs and expenses incurred in performing legal services in connection with this matter including, but not limited to, postage, delivery service, computer research, travel expenses, parking, photocopying, other means of reproduction, process service, filing fees and fees of courts or other public agencies. Fees accrued after the date that the matter is settled or otherwise finally resolved are not recoverable from the school district and those fees will be charged to the Clients at the rates expressed in this agreement.

10. Fees. The Firm agrees to accept this matter after the Clients provide an initial retainer in the amount of $2,000.00. The Clients agree to an additional payment of $1,000.00 five business days before each scheduled hearing date. The Firm will bill the Client $475 per hour for attorney time, and $125 per hour for paralegal time. The Clients will not required to make any additional payments during the hearing process, provided that the Clients (1) cooperate with the process by which the Firm seeks recovery of attorney fees from the school district; (2) do not breach the terms of this retainer agreement; and (3) do not settle the matter with the school district without attorney fees being included in the settlement agreement.

If this matter is resolved during the regulatory "resolution period" (the thirty days after the hearing is initiated), recovery of attorney fees may not be available. Should the school district offer the substantive relief that the client seeks during the resolution period, the Clients understand that the Firm will ensure that the relief is secured, and they understand that the Clients are responsible for attorney fees incurred up until execution of the resolution agreement.

Following settlement, consent decree, agreement and order, or final decision in this administrative matter, should the Clients request or require additional advice or services from the Firm, the Clients shall be billed for such additional services at the rates expressed herein. Attorney fees incurred subsequent to settlement, consent decree, agreement and order or final decision are not recoverable from the school district and will be charged to the Clients.

The Clients understand that if they prevail in this matter, there may be a right to recover attorney fees from the school district. Unless the Clients have fully paid the Firm for services rendered and expenses incurred, the Clients assigns to the Firm this fee recovery claim. The Clients agree to cooperate fully in any and all efforts to recover attorney fees and costs from the school district, including but not limited to, post-hearing actions in federal or state court, and execution of documents and releases for recovery of the attorney fees and costs. The Client understands that failure to cooperate fully in any and all efforts to collect attorney fees and costs from the school district will result in the Clients being liable for the attorney fees and costs.

The Clients understands that the Clients and the Firm rely in whole or in part on the fee-shifting provision of the Individuals with Disabilities Education Act (IDEA). The Clients understand the importance of cooperating in the strategy of the Firm to recover fees. The Clients also understands that not all fees and costs incurred can be recovered from the school district and will be the obligation of the Clients.

2

All fees paid by the Clients or by the school district will be treated as advance payments of legal fees or payment of fees due, whichever is appropriate. Payments of attorney fees made by the school district will not be considered client funds and will not be deposited in a client trust account. However, should excess fees be received from the client and/or district, excess fees will be refunded to the Clients within thirty (30) days of the closing of the file by the Firm. The Clients acknowledge and agree to the assignment to the Firm of any attorney fees recovered from the school district and that any payments of attorney fees received from the school district will be treated as advance payments of legal fees or payment of fees due.

**11. Disputes over Attorney Fees.** Should a dispute arise between the Clients and the Firm with regard to attorney fees, the Clients have the option of resolving the dispute by means of arbitration. The local dispute office for resolving such matters may be found online at WWW.NYCOURTS.GOV/FEEDISPUTE.

**12. Costs and Expenses.** The Client is responsible for payment of costs and expenses at the following rates: copies, $.50/page; faxes, $2.00/page; mileage, $ .50/mile; overnight fee, $ 250.00 night (includes lodging, meals, other costs associated with the necessary overnight). The Client will pay for all other costs at the actual rate incurred (e.g. cost for service of process). Unless otherwise waived or limited above by the Firm, the Client agrees to pay all costs and expenses incurred in performing legal services in connection with this matter including, but not limited to, postage, delivery service, computer research, travel expenses, parking, photocopying, other means of reproduction, process service, filing fees and fees of courts or other public agencies. Fees accrued after the date that the matter is settled or otherwise finally resolved are not recoverable from the District and those fees will be charged to the client at the rates expressed herein.

**13. Closing the File.** The Firm will determine when the file in this matter is closed, within a reasonable period of time after the matter is finally concluded. Typically, the matter concludes with the execution of settlement, entry of a final agreement and order by the impartial hearing officer, entry of a consent decree by the impartial hearing officer, a final and/or unappealed decision and passage of the statutory period for taking an appeal, or dismissal of a case. However, after these events, the Firm does not immediately close the file as typically there is additional work on the file related to implementation of the final determination of a case, e.g., additional evaluations of the student, Committee on Special Education meetings, review of an amended Individualized Education Program, coordinating payments from the district, communication with the district and/or client regarding implementation of the settlement agreement or decision, etc. Typically, a period of ninety-days allows for the wrap-up work associated with the final hearing determination, and the file is then scheduled for closing within the next thirty (30) days. When a file is closed, the Clients will be provided a closing statement. Once the Clients have executed the closing statement, excess fees that may have been received by the Firm will be refunded to the Clients.

**14. Remedy for breach of agreement to not waive fees.** Notwithstanding anything to the contrary in this agreement, if the Clients waives their right to attorney fees as part of a settlement with the school district, the Clients agree to pay the Firm directly and promptly for legal services in accordance with the bill for services submitted by the Firm. The following hourly rates will be charged and the Clients, by entering into this agreement, agree that the below rates are reasonable. Should the Clients not cooperate in the recovery of fees from the school district, the Clients understand that the Firm may assert a lien on any funds recovered from the school district payable to the Clients.

**15. Disclaimer.** The Firm makes no promises, predictions or guarantees to the Clients concerning the outcome of this matter. Nothing in this agreement shall be construed as a promise, prediction or guarantee of the outcome of the matter. Additionally, the Firm has apprised the Clients of the hazards of litigation.

**16. Termination of Service.** The Clients have the right at any time to terminate the services of the Firm. The Firm shall immediately, upon receipt of such written notice, conditioned upon consent of the presiding hearing officer or other judicial official, cease to render additional services. Such termination shall not relieve the Clients of the obligation to pay fees due for services rendered and costs incurred prior to such termination. Such termination shall not relieve the Clients of their obligation to cooperate with the Firm in any action to receive payment of fees and cost from the school district. In the event that the Clients terminate the services of the Firm and the administrative hearing officer does not allow the firm to be relieved of its duties on behalf of the Child, the Clients understand that they will be fully responsible for all attorney fees and costs incurred in the matter on behalf of the Child even though the attorney is no longer directly representing the parents.

3

If the Client fails to meet any of his/her obligations under this agreement, the Firm shall have the right to terminate the agreement. In the event that the Firm terminates this agreement, the Client shall take all steps necessary to free the Firm of any obligation to perform further, including without limitation, the execution of documents necessary to complete the attorney discharge as required by statute or recognized by the rules of professional ethics.

17. Meritorious Action. The Client represents that the contemplated action is meritorious and that it is not initiated for an improper purpose. The Clients understand that if the action is initiated for an improper purpose, the school district may be able to recover attorney fees from the parent or the parent's attorney. The Clients represent to the Firm that the their purpose in initiating this action is to pursue their child's special education rights and to protect their rights under the IDEIA. The Clients understand that, in the event that the Firm later determines that the action was initiated for an improper purpose, the Firm will be obligated to withdraw from representation.

18. Firm. The Firm, i.e, The Law Office of Andrew K. Cuddy, anticipates that it will incorporate during the coming months as a professional corporation under the laws of New York State, and that it will continue to provide legal services as Cuddy Law Firm, P.C. The Firm's purpose, physical location, and mailing address, will not be changed as a result of any such incorporation. By executing this retainer agreement, the Clients agree that each of the terms and provisions of this retainer agreement shall be continued in full force and after incorporation, unless discontinued in accordance with other provisions of this agreement, and that Cuddy Law Firm, P.C. and the Clients shall be the parties to the retainer agreement.

19. Miscellaneous. The Firm will consider itself retained upon receipt of a signed and dated retainer agreement and the amounts identified in section (10) above. By signing below, the Clients agree as follows:

(a) The Clients understand and agrees that there are no additional or different terms or agreement other than those expressively set forth in this agreement.
(b) The Clients acknowledge that they have read this agreement in its entirety, has had a full opportunity to consider the terms, and has had full and satisfactory explanation of same, and agrees to them.
(c) The Clients assign, consent and acknowledge that all moneys collected from the school district for attorney fees, costs and expenses are to be paid directly to the Firm and are assigned to the Firm and will be treated as a payment of fees due or as an advance payment of fees.

_____  5/3_____    _____
K█████ L█████       Date              Andrew K. Cuddy              Date
Parent / Client                       Law Office of Andrew K. Cuddy

_____  ___/__/12
B█████████
Parent / Client

4