# LAW OFFICE OF ANDREW K. CUDDY
## SPECIAL EDUCATION ATTORNEYS

ANDREW K. CUDDY

OF COUNSEL
JASON H. STERNE
PHILIP B. ABRAMOWITZ
MICHAEL J. CUDDY, JR.
NINA C. AASEN

PARALEGALS
DIANE M. AUGHTMON
SHOBNA P. CUDDY

June 15, 2012

Board of Education
Warwick Valley Central School District
P.O. Box 595
Warwick, New York 10990

Re:   DEMAND FOR DUE PROCESS HEARING
      M████ L████[DOB:██/██/00]
      ████████████
      Chester, New York 10918

Dear Board of Education,

       Mr. and Mrs. K████ L████ (the Parents) have retained our office to represent them regarding the educational needs of their son, M████ (the Student). The Student resides with his parents in Chester, New York and has been classified as a student diagnosed with Asperger Syndrome, Attention Deficit Hyperactivity Sisorder, Oppositional Defiant Disorder, a Mood Disorder, and a possible Personality Disorder. He is classified as a student with Autism by the District's Committee on Special Education (CSE). The Student is currently in sixth grade. His 2011/2012 IEP reflects the following services: Special Class 8:1+1 one time daily for six hours, Resource Room one time daily for forty minutes, Speech/Language Therapy two times in a six day cycle for thirty minutes, and Occupational Therapy on time weekly for thirty minutes. The 2011/2012 IEP provided for extended school year services at Bishop Dunn Memorial School ("Bishop Dunn"). During the 2011/2012 school year the Parent placed the Student at the St. Stephen's School where he received a smaller class setting and appropriate services to address his special education needs.

████ ██████
**Demand for Due Process Hearing**
**June 15, 2012**
**Page 2**

On January 4, 2010 the Parent requested independent educational evaluations for the Student including a functional behavioral assessment and an auditory processing evaluation. The District failed to grant those evaluations and failed to take the Parents to a due process hearing to prove the appropriateness of its own evaluation. This flagrant violation of the regulatory requirements related to comprehensive evaluation of a student and the parents' rights related to independent education evaluations has interfered with the parents ability to fully participate in the IEP development process, and contributed to an ongoing denial of a free, appropriate public education.

A psychological evaluation was conducted on the Student and a report generated on March 23, 2011. The report reflects that the student has a full scale IQ of 99, verbal IQ of 106, a working memory score of 102, a perceptual reasoning score of 94, and a processing speed score of 91. This evaluation, conducted by the District, fails to make any specific recommendations regarding program and placement. The failure to offer such input to the Parents in a written report deprives the Parents of information necessary to meaningfully participate in the CSE process.

A pediatric neurologist report dated September, 26, 2011 recognized, "Overall the child does require a lot of individual attention in the classroom environment and needs a lot of help with problems solving." The CSE's recommendation conflicts with this professionals recommendation regarding an appropriate education setting.

An annual review was held March 27, 2012 where the CSE  recommened the following services for the 2012-2013 school year: Resource Room for one period daily, Speech/Language two periods per six day cycle, and counseling one period per six day cycle. Occupational Therapy was discontinued. The CSE also removed extended school year ("ESY") services for the student, over the parents' objection. There was no evaluative data relied upon to remove the ESY services.

The Parents have requested a copy of the 2012-2013 IEP twice, and their requests were denied. The first request was made verbally at the end of the March 27th CSE meeting, where they were told by the CSE chairperson that it would be provided to them by the first week of May. When the Parents did not receive the IEP by the time promised, a written request was sent, to which the CSE chairperson replied that the IEP did not need to be provided to the Parents until September.

Mr. and Mrs. L██████are not in agreement with the program recommended by the District. I am requesting an Impartial Hearing pursuant to Section 1415 of Individuals with Disabilities Education Act 2004, Part 200.5 of the Regulations of the Commissioner of New York State, and Section 504 of the Rehabilitation Act. The basis for this request includes, but is not limited to the following:



Demand for Due Process Hearing
June 15, 2012
Page 3

**Failure to provide a Free Appropriate Public Education (FAPE)**

- <u>Failure to provide the Parents timely notice of the CSE recommendation in writing prior to the start of the school year, and prior to the removal of a essential service from the Student's program.</u> As of this date, the District has failed to provide the Parents written notice of the CSE meeting. The ESY services should start shortly after July 1, 2012, and the District has communicated to the Parents that the IEP and written notice will not be provided to them until late August or early September. This procedural violation significantly impacts on the Parents ability to participate in educational decision making, and rises to the level of a denial of FAPE, as the Parents are forced to initiate this proceeding without the mandated written notice.

- <u>Failure to appropriately and comprehensively evaluate the Student.</u> The evaluations of the student fail to assess all areas of need. In particular, despite the Parents' previous objections to the nature of the Districts evaluation, and specific request for and independent FBA and CAP evaluation, the District has failed to evaluate the child in these areas and failed to respond appropriately to the Parents' request for these evaluations. This failure to comprehensively evaluate the Student in all areas of suspected disability and failure to adhere to the regulatory mandate regarding IEE requests has interfered with the Parents' ability to participate in the CSE process in an informed manner and deprived the Student of a free, appropriate public education on an ongoing basis.

- <u>Failure to continue extended school year (ESY) services.</u> The student received extended school year services during the summer of 2011 at Bishop Dunn. This service was removed from the Student's IEP over the Parents' objection, and no evaluative data was offered to justify such a removal of the service. The Student has had a long-standing need for ESY services, and this is undisputed amongst those most familiar with the Student and his needs. The evaluative data available to the committee supported the continuation of ESY services.

- <u>Failure of the District to recommend a placement appropriate to address the Student's needs.</u> The placement offered by the District in the public school setting in a general education class is not appropriate to meet the Student's needs. The Student needs a small, structured learning environment with special education teaching services provided directly in the classroom setting, such as offered at Bishop Dunn. The District's placement offer fails to offer the small, structured setting, fails to offer appropriate special education services directly in the classroom, and fails to offer appropriate special education services outside of the classroom. Failure to offer an appropriate placement denies the student a free, appropriate public education.



**Demand for Due Process Hearing**
**June 15, 2012**
**Page 4**

- <u>Failure to include appropriate goals in the Individualized Education Program.</u>
  The Goals and Objectives were not discussed in detail at the CSE meeting of xxx, 2012. However, based on the discussion, having not received the IEP as of this date, they are not appropriate. The District has not discussed or developed goals for many of the Student's identified areas of need, and has failed to discuss or develop meaningful means by which those goals are to be measured. Failure to adhere to this regulatory requirement denies the Student a free, appropriate public education.

**The concerns of the Parents can now be addressed by:**

- Placement or prospective payment for the student's attendance at Bishop Dunn for the summer of 2012.
- Placement or prospective payment for the student's attendance at Bishop Dunn for the regular school year of 2012-2013.
- Transportation and all costs related to the student's attendance at Bishop Dunn throughout the summer of 2012 and the regular school year of 2012-2013.
- Assurance that an appropriate Individual Educational Service Plan will be developed and implemented by the Newburgh City School District for the student during the 2012-2013 school year.
- In the alternative, placement in an appropriate program(s) with all related costs paid by the District for the summer of 2012, and the 2012-2013 school year.
- Corrective/Additional services for any services that were not appropriately provided pursuant to the pendency provision of the IDEA during the course of this legal proceeding.
- An order that an independent functional behavioral assessment be conducted.
- An order that an independent central auditory process evaluation be conducted.
- Provision of any further relief that the Hearing Officer deems just and proper.

Please inform me of the hearing officer appointed to this matter as soon as that information becomes available.

M█████ █████
**Demand for Due Process Hearing**
**June 15, 2012**
**Page 5**

Additionally, Mr. and Mrs. L█████ demand an OPEN hearing.

Very truly yours,

ANDREW K. CUDDY

AKC/dma

cc:     K█████ and B█████ L█████
        Michael J. Cuddy
        NYSED Impartial Hearing Reporting System