## AGREEMENT AND ORDER

The Warwick Valley Central School District ("District") and K█ and B█ L█ ("Parents"), on behalf of their son M█ L█ ("Student"), enter into this Agreement in response to requests made by the Parents to resolve their Complaint filed with the District on June 14, 2012. A copy of the Complaint is attached.

The Parents are represented by Andrew K. Cuddy, of the Law Office of Andrew K. Cuddy, 145 East Genesee Street, Auburn, New York, 13021. The District is represented by Karen S. Norlander, of Girvin & Ferlazzo, P.C., 20 Corporate Woods Boulevard, Albany, New York 12211. Each party has had the opportunity to consult with legal counsel prior to executing this agreement.

> WHEREAS, the District has arranged to provide for round trip transportation and extended school year services at Bishop Dunn Memorial School, ("Bishop Dunn") 50 Gidney Avenue, Newburgh, New York, 12550, from June 25, 2012 through August 3, 2012, in accordance with its obligations under the pendency provision of the law as set forth in 8 N.Y.C.R.R. 200.5 (m), and shall continue to do so notwithstanding the resolution of the due process complaint with this agreement and order.
>
> WHEREAS, the District will transport the Student between his home and Sacred Heart Parish School ("Sacred Heart") during the 2012-2013 school year in accordance with its obligations under Education Law §3635, despite the fact that the Parents did not make their request by April 1, as otherwise required by law, insofar as the District has determined to waive the April 1 deadline based on the fact that it is transporting other resident students there and will not incur any additional expense to transport this Student.
>
> WHEREAS, in accordance with law, the District shall forward to the District of Location of Sacred Heart, ("Monroe-Woodbury School District") a copy of the Student's 2012-2013 IEP and any other records or evaluations requested. This agreement and order is to be considered the Parents' consent for the Student's educational records to be released by the District to the Monroe-Woodbury School District.
>
> WHEREAS, the District represents that, upon its receipt of documentation from the Monroe-Woodbury School District of its provision of special education services to this Student provided in accordance with an Individualized Education Service Plan ("IESP"), the District shall reimburse the Monroe-Woodbury School District in accordance with its prior practice and commitment to do so.
>
> WHEREAS, the parties further acknowledge that in seeking to resolve their Complaint and working in good faith to do so, the Parents requested that the Board reimburse them $6500 in attorneys' fees which the Board of Education declined to authorize.
>
> WHEREAS, the District, having convened a Resolution Meeting, in accordance with law, and having met with the Parent on July 12, 2012, agreed to resolve the Parents' Complaint referred to above:

WHEREFORE, the parties agree as follows:

1) The District shall undertake each of the actions specified under the "WHEREAS" clauses set forth above.

2) Nothing in this resolution shall preclude the Parents from seeking an Order from a court of competent jurisdiction for any attorneys' fees for which they may be entitled as a matter of law.

3) For purposes of attorneys' fees, the District will not object to the Parents' request that this agreement be ordered by the hearing officer to obviate the need for further proceedings to settle the Parents' Complaint.

4) Upon the representations and commitments made by the District above to provide transportation, and to forward to the Monroe-Woodbury School District the Student's IEP and any other documents the Parents' request, upon receipt of their written consent, and to otherwise cooperate with the Monroe-Woodbury School District to pay for special education services arranged pursuant to an IESP, the Parents acknowledge that the hearing request is resolved by this agreement and order, with prejudice.

5) The Parents acknowledge that with the District's continued implementation of the terms set forth herein, this agreement resolves all outstanding issues raised in the Parents' Complaint attached hereto, except for the issue of attorney fees and costs.

6) The District representative named below is authorized by the Board of Education to enter into this agreement on its behalf.

7) Fax and electronic signatures will be treated as originals.

This agreement is fully enforceable in a state or federal court of competent jurisdiction in accordance with law. (See 8 NYCRR 200.5(j)(2)(iv)).

_____
Superintendent of Schools
District Representative

_____
Date

_____
K___ L_____, Parent

7/18/12
Date

_____
B___ L_____, Parent

7-18-2012
Date

So Ordered:
_____
Kenneth Peters, Ed. D.,
Impartial Hearing Officer

7/20/2012
Date